### GRANAT BROS. v. BROWN et al.
### Civ. No. 28220–H.

United States District Court
N. D. California, S. D.

Sept. 14, 1949.

Mellin & Hanscom, Oscar A. Mellin, LeRoy Hanscom, Jack E. Hursh, San Francisco, California, for plaintiff.

Naylor & Lassagne, Jas. M. Naylor, San Francisco, California, John Vaughan Groner, New York City, for defendants.

LEMMON, District Judge.

Pursuant to Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A., and Rule 5(e) of the Rules of Practice of the District Court of the United States for the Northen District of California, the Court makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact.

I. That plaintiff, Granat Bros., is a corporation duly organized and existing under and by virtue of the laws of the State of California, and has a place of business in the City and County of San Francisco, State of California.

II. That defendant, Herbert Brown, is a resident of Salinas, County of Monterey, State of California and has a place of business at Salinas, County of Monterey, State of California.

III. That the intervening defendant, Feature Ring Co., is a corporation duly organized and existing under and by virtue of the laws of the State of New York, and has a place of business in the City of New York, State of New York.

IV. The plaintiff is the owner of all of the right, title and interest in and to the trade-mark "Wed-Lok" and that plaintiff registered the trade-mark "Wed-Lok" in the United States Patent Office for finger rings, said registration bearing No. 430,436, dated June 10, 1947.

V. That plaintiff adopted the trade-mark "Wed-Lok" for wedding ensembles in the year 1934 and commenced to use the same at that time.

VI. That plaintiff applied the trade-mark "Wed-Lok" to finger rings and wedding ensembles and said finger rings and wedding ring ensembles were sold in interstate commerce over the entire United States by plaintiff continuously since at least the year 1936.

VII. That plaintiff has never abandoned the trade-mark "Wed-Lok".

VIII. Plaintiff's trade-mark "Wed-Lok" is not primarily descriptive of the ring

ensembles marketed and sold by plaintiff, but it is used in a suggestive or figurative sense and is a valid registered trade-mark.

IX. That plaintiff has been the exclusive user of the trade-mark "Wed-Lok" continuously since at least the year 1936.

X. That plaintiff made extensive sales of its products trade-marked "Wed-Lok" throughout the entire United States from the year 1934 to date, and such sales in the trade-marked products were in the amount of approximately $3,000,000.

XI. That plaintiff's trade-marked products, "Wed-Lok" and the trade-mark "Wed-Lok" have been widely and very extensively advertised throughout the United States from the year 1934 to the present, excluding the war years of 1942, 1943, 1944 and 1945; and such advertising, exclusive of extensive dealer advertising, cost approximately $153,000.

XII. That in addition to plaintiff's advertising of trade-mark products "Wed-Lok" plaintiff's dealers throughout the United States extensively advertised them in local papers.

XIII. That the words "Feature Lock" are sufficiently distinct from "Wed-Lok" as to preclude likelihood that the Feature Ring Co.'s product will be passed off as those of plaintiff.

XIV. The evidence fails to show confusion in the ultimate customers between the products marked "Feature Lock" and plaintiff's products marked "Wed-Lok", and neither trade-mark infringement nor unfair competition is established.

XV. That the notices sent by plaintiff to customers of defendant, Feature Ring Co., were sent in good faith and suit was brought by plaintiff seasonably after sending the notices.

XVI. That the evidence establishes that plaintiff did not unfairly compete with the Feature Ring Co.

### Conclusions of Law.

I. That plaintiff is the owner of the trade-mark "Wed-Lok" as applied to wedding ring ensembles.

II. That the trade-mark "Wed-Lok" is a distinctive and valid trade-mark.

III. That plaintiff is the owner of Trade-Mark Registration No. 430,436, dated June 10, 1947, and said registration is good and valid in law.

IV. That this Court has jurisdiction of this cause in that the same is founded upon the trade-mark laws of the United States.

V. That no confusion was shown between the ultimate customers of plaintiff and defendants and therefore plaintiff failed to establish trade-mark or unfair competition by defendants.

VI. That the trade-mark "Feature Lock" does not infringe upon the trade-mark "Wed-Lok".

VII. That the defendants have not unfairly competed with the plaintiff.

VIII. That the plaintiff has not unfairly competed with the defendant, Feature Ring Co.

IX. That no damages were proved by any of the parties hereto.

X. That each party shall bear its own costs.